Allen P. TRAHAN, Plaintiff,

v.

CROSBY–LAUGHLIN, a Division of American Hoist and Derrick Company, et al., Defendants-Appellees, and Don R. Hinderliter, Inc., Defendant-Appellant.

No. 71–3195.

United States Court of Appeals, Fifth Circuit.

May 31, 1972.

Rehearing Denied June 26, 1972.

Cleve Bachman, Beaumont, Tex., Orgain, Bell & Tucker, Beaumont, Tex., Tom Normand, Beaumont, Tex., of counsel, for defendant-appellant.

Thomas J. Mitchell, Houston, Tex., James W. Mehaffy, Dewey J. Gonsoulin, Beaumont, Tex., James S. Fuller, Port Arthur, Tex., Mehaffy, Weber, Keith & Gonsoulin, Beaumont, Tex., for appellee Crosby-Laughlin.

Before DYER, Circuit Judge, SKELTON, Judge,* and INGRAHAM, Circuit Judge.

PER CURIAM:

The instant appeal presents the land-based sequel to Watz v. Zapata Off-Shore Co., 431 F.2d 100 (5th Cir., 1970). Here, Trahan, a nominal party on this appeal, recovered damages against both Crosby-Laughlin and Hinderliter, Inc. Crosby-Laughlin and Hinderliter manufactured and assembled, respectively, a hook and ball component which fouled and permitted a personnel basket in which plaintiff was standing to fall approximately seventy feet.

Suit was filed in federal court based on diversity of citizenship. The district court, applying Texas law, see Vernon's Ann.Texas Civil Statute, Art. 2212, granted contribution in payment of the recovery among Crosby-Laughlin and Hinderliter. Hinderliter, claiming that indemnity should have been granted, appeals. We affirm.

The record reveals that Hinderliter was the assembler of a hoisting ball which contained a Crosby-Laughlin hook. It was a safety guard on the Crosby-Laughlin hook which, when the hook rode in a fouled position, failed to support the weight of the personnel carrier. Here, as in *Watz*, both the component assembler and the component manufacturer were guilty of acts of negligence, Crosby-Laughlin as manufacturer in its design of the hook and in failing to warn of the danger; Hinderliter, as the record reflects, knowing that the hook could be fouled and in a fouled position could drop its load, for failing to warn of this danger. As in *Watz*, they are joint tort feasors. As such, the terms of Art. 2212 are applicable:

"Any person against whom, with one or more others, a judgment is rendered in any suit on an action arising out of, or based on tort, except in causes wherein the right of contribution or of indemnity, or of recovery, over, by and between the defendants is given by statute or exists under the common law, shall, upon payment of said judgment, have a right of action against his co-defendant or codefendants and may recover from each a sum equal to the proportion of all of the defendants named in said judgment rendered to the whole amount of said judgment. If any of said persons codefendant be insolvent, then recovery may be had in proportion as such defendant or defendants are not insolvent; and the right of recovery over against such insolvent defendant or defendants in judgment shall exist in favor of each defendant in judgment in proportion as he has been caused to pay by reason of such insolvency."

See also Transcontinental Gas Pipe Line Corp. v. Mobile Drilling Barge, 424 F.2d 684 (5th Cir., 1970); Hodges, Contribution and Indemnity Among Tort Feasors, 26 Tex.L.Rev. 150 (1947).

The judgment appealed from is affirmed.

* Judge Byron G. Skelton, U.S. Court of Claims, sitting by designation.